**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| | Criminal No. 20-231(7) (JRT/DTS) |
| Plaintiff, | |
| | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| | **DENYING DEFENDANT'S MOTION FOR** |
| RONALD OLLO COLEMAN, | **COMPASSIONATE RELEASE** |
| | |
| Defendant. | |

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Ronald Ollo Coleman, Register No. 15713-509, FCI Atlanta, Federal Correctional Institution, P.O. Box 150160, Atlanta, GA 30315, *pro se* Defendant.

Defendant Ronald Coleman is serving 42-month sentence in custody of the Bureau of Prisons after he pled guilty to one count of conspiracy to commit mail fraud.  Coleman moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Because the Court finds that Coleman has not presented extraordinary and compelling reasons to justify compassionate release, the Court will deny the motion.

**BACKGROUND**

In 2020, Coleman was charged in a ten-count indictment with conspiracy to commit mail fraud and wire fraud.  (Indictment, Oct. 10, 2020, Docket No. 1.)  Later that year, Coleman pled guilty one count of conspiracy to commit mail fraud, in violation of 18

U.S.C. § 1341, 1349, and 2326.  (Plea Agreement, Dec. 16, 2020, Docket No. 100.)  He was sentenced to a 42-month term of imprisonment, to be followed by a 2-year term of supervised release.  (Sentencing J., Dec. 16, 2024, Docket No. 393.)

Coleman now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Coleman argues he is the only available caregiver for his 91-year-old mother.  (Mot. for Compassionate Release at 1, June 12, 2025, Docket No. 407.)  He asserts that she is "completely incapacitated from her 'acute ischemic right PCA stroke,' incontinence, and 'Parenchyma: Multifocal acute embolic infarcts with in the right occipital lobe, right thalamus, and right interior medical temporal lope.'"  (*Id.*)  In addition to being incontinent, she is immobile and needs constant care. (*Id.*) Coleman states that his "other brothers and sisters are deceased" and that he is the only person that is "able to lift her, carry her to the bathroom, turn her body regularly to avoid bed sores, and provide nutrition, and medicines, and take her to doctor's appointments. . . . give her sponge baths, and maintain her life.  (*Id.* at 2.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Once a defendant has exhausted administrative remedies,[1] the Court may modify a sentence after it considers the sentencing factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that

---

[1] The Court concludes that Coleman has satisfied the exhaustion requirement in this case.

"such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). One situation in which extraordinary and compelling reasons for release exists is when the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). The defendant bears the burden of showing that compassionate release is appropriate. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

## II.    ANALYSIS

Coleman argues that compassionate release is appropriate because he is purportedly the sole available caregiver for his 91-year-old mother, who requires constant care due to her health conditions. After careful consideration of the record before the Court, the Court concludes that Coleman has failed to show that compassionate release is warranted because he has failed to show that he is sole available caregiver.

In 2021, the U.S. Probation and Pretrial Service's Office prepared a Presentence Investigation Report ("PSR") ahead of sentencing. (*See* Presentence Investigation Report, August 18, 2021, Docket No. 181.) The PSR states that Pamela McCall, Coleman's sister, lived in Atlanta and "care[d] for their mother." (PSR ¶ 91.) It also includes Coleman's own written statement from February 11, 2021, acknowledging that he has "an 88 year old mother who is in poor health fully dependent on my support living at home **with my sister**." (PSR ¶ 61 (emphasis added).)

Now, Coleman appears to suggest that circumstances have changed and that only he can care for his mother.  To support this shift, he offers a declaration from Pamela McCall stating that she is "unable to care" for their mother and that "Coleman is the sole available caregiver."  (Decl. of Pamela M. McCall ("McCall Decl."), June 12, 2025, Docket No. 408.)

However, Coleman provides no meaningful explanation, specific facts, or documentation demonstrating why Pamela McCall—who was previously identified as a caregiver—can no longer fulfill that role.  The Court is left with only conclusory statements that contradict statements contained in the PSR.  Without evidence sufficient to show that Coleman is the only caregiver for his incapacitated mother, the Court finds that compassionate release is not warranted.  (*See* McCall Decl.)

Accordingly, Coleman has not demonstrated that his family circumstances pose an extraordinary and compelling reason for compassionate release.

## CONCLUSION

Because Coleman has failed to show extraordinary and compelling reason to justify compassionate release, the Court will deny the motion.  The Court need not consider whether the compassionate release of Coleman would be consistent with the section 3553(a) sentencing factors or whether Coleman presents a danger to any individual or the community.

-5-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Coleman's Pro Se Motion for Compassionate Release (Docket No.

[407]) is **DENIED.**


DATED:  May 6, 2026                                      _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                          United States District Judge